**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

WISCONSIN MASONS PENSION FUND,
WISCONSIN MASONS' HEALTH CARE FUND,
WISCONSIN MASONS APPRENTICESHIP & TRAINING
FUND and JAMES VICK (in his capacity as Trustee),

BRICKLAYERS & TROWEL TRADES INTERNATIONAL
PENSION FUND, INTERNATIONAL MASONRY INSTITUTE,

BRICKLAYERS AND ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN, INTERNATIONAL
UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS,

          Plaintiffs,

  v.                                                       **Case No.**   26-cv-359

BRENT SCHUTZ dba WAUMANDEE CREEK SEALANTS, LLC

          **Defendant.**

---

## COMPLAINT

---

    **NOW COME** Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens and Alex J. Sterling and as and for a cause of action against the Defendant, allege to the court the following:

### Jurisdiction and Venue

1.    Jurisdiction of this Court upon Brent Schutz dba Waumandee Creek Sealants, LLC ("Waumandee Creek") is founded upon sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132; 1145); along with 29 U.S.C. §185. Plaintiffs are aggrieved by Waumandee Creek's violation of certain collective bargaining agreements, trust plans and trust agreements by failing to

submit contributions in accordance with the terms of those plans and agreements; and by failing to pay interest and liquidated damages on untimely paid contributions; thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and collective bargaining agreements to which it is bound.

2.     Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and 28 U.S.C. §1391(b)(1) in that Defendant does business in Buffalo County, Wisconsin.

## Parties

3.     Plaintiffs Wisconsin Masons Pension Fund, Wisconsin Masons Health Care Fund and Wisconsin Masons Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145). Said plans maintain offices at 2901 Beltline Highway, Madison, Wisconsin 53713.

4.     Plaintiff James Vick is a trustee and a fiduciary of the Wisconsin Masons Health Care Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. James Vick maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

5.     Plaintiffs Bricklayers and Trowel Trades International Pension Fund and International Masonry Institute are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002 (1), (2), (3), and (37), 1132, and 1145). Said Plans maintain offices at 620 F Street NW, Washington, D.C. 20004.

6.      Plaintiff Bricklayers and Allied Craftworkers District Council of Wisconsin ("Bricklayers District Council") is a labor organization within the meaning of 29 U.S.C. § 152(5) and brings this action on behalf of the participants and beneficiaries of said organization for whom it collects working dues. Said labor organization maintains offices at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.5.

7.      Plaintiff International Union of Bricklayers & Allied Craftworkers ("Bricklayers International Union") is a labor organization within the meaning of 29 U.S.C. § 152(5) and brings this action on behalf of the participants and beneficiaries of said organization for whom it collects working dues. Said organization maintains offices at 620 F Street NW, Washington, D.C. 20004.

8.      Defendant Brent Schutz dba Waumandee Creek Sealants, LLC is a sole proprietor engaged in business with principal offices located at S2888 Waumandee Creek Road, Fountain City, WI  54629.


## Facts

9.      Waumandee Creek is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

10.     For all times relevant, Waumandee Creek was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Bricklayers District Council.

11.    The Labor Agreements described herein contain provisions whereby Waumandee Creek agreed to make contributions and payments to the Plaintiffs and by the fifteenth day of the month after the one during which the work was performed.

12.    By execution of said Labor Agreements, Waumandee Creek adopted the trust  agreements and amendments thereof; which establish and govern the Funds and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Policies on Employer Accounts.

13.    Waumandee Creek has failed to remit to the Plaintiffs all contributions required by its collective bargaining agreements with the Bricklayers District Council.

14.    Even when Waumandee Creek did remit contributions to the Plaintiffs, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed so that, pursuant to the Policies on Employer Accounts that are binding upon Waumandee Creek, it owes to the Plaintiffs interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

### Claim One Against Brent Schutz dba Waumandee Creek Sealants, LLC Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

15.    As and for a first claim for relief against Waumandee Creek the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 14 above and incorporate the same as though fully set forth herein word for word.

-4-

16.    For purposes of this claim, Plaintiffs Wisconsin Masons Pension Fund, Wisconsin Masons' Health Care Fund, Wisconsin Masons Apprenticeship & Training Fund, Bricklayers & Trowel Trades International Pension Fund, International Masonry Institute will be referred to as the "Funds."

17.    Waumandee Creek has failed to remit to the Funds all contributions required by its collective bargaining agreements with the Unions in violation of 29 U.S.C. §515.

18.    Therefore, on all contributions that remain unpaid from July 1, 2022, through the date of the filing of this Complaint, the Funds are entitled to recover from Wauandee Creek all owed contributions; interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. §502(g), the Policies on Employer Accounts, and applicable collective bargaining agreements.

**WHEREFORE**, the Funds demand the following relief:

1.    Judgment on behalf of the Funds and against Waumandee Creek:

A.    For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds for the period July 1, 2022, to the present;

B.    For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

C.    Actual attorney fees and the costs of this action.

2.     For such other, further, or different relief as the Court deems just and proper.

## Claim Two Against Brent Schutz dba Waumandee Creek Sealants, LLC
## Violation of LMRA § 301 (29 USC § 185)

19.    As for a second claim for relief against Waumandee Creek, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 18 above and incorporate same as though fully set forth herein word for word.

20.    For purposes of this claim, the Bricklayers District Council and Bricklayers International Union hereinafter referred to as "Unions"

21.    Waumandee Creek deducted working dues from its employees' paychecks, such working dues owed to the Unions but failed to submit same to the Unions in a timely fashion.

22.     By failing to remit to the Unions the working dues that it deducted from the paychecks of its employees, Waumandee Creek breached its collective bargaining agreement(s) with the Bricklayers District Council so that the Unions are entitled to recover all such dues, as well as all other remedies provided by the collective bargaining agreement(s) for Waumandee Creek's breach thereof.

**WHEREFORE**, the Plaintiffs demand the following relief:

1.    Judgment on behalf of the Plaintiff Unions against Waumandee Creek for all working dues owed to them for the time period after July 1, 2022, plus all appropriate interest and liquidated damages;

2.    Actual attorney fees and costs incurred by the Plaintiffs in prosecuting Counts I and II of the Complaint;

3.    For such other, further, or different relief as the Court deems just and proper.

Dated this 17th day of April 2026.


                              s/ Christopher J. Ahrens
                              Christopher J. Ahrens (SBN 1043237)
                              Alex J. Sterling (SBN 1107931)
                              THE PREVIANT LAW FIRM, S.C.
                              Attorney for Plaintiffs
                              301 West Wisconsin Avenue, Suite 100 MW
                              Milwaukee, WI   53203
                              414-271-4500 (Telephone)
                              414-271-6308 (Fax)
                              Email: cja@previant.com